# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8066 | **DATE** | 4/12/2011 |
| **CASE TITLE** | DeGuzman vs. Kalish | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion for summary judgment [23] brought pursuant to Federal Rule of Civil Procedure 56(a) and denies Defendants' motion to transfer venue under 28 U.S.C. § 1404(a) [23]. Status hearing set for 5/24/11 is stricken and reset to 4/21/11 at 8:30 a.m.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On December 20, 2010, pro se Defendants Kristopher Kalish and Paddy Kalish removed the present personal injury complaint from the Circuit Court of the Eighteenth Judicial Circuit in DuPage County, Illinois to the United States District Court for the Northern District of Illinois based on the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. Before the Court is pro se Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), or in the alternative, motion to transfer venue. *See* 28 U.S.C. § 1404(a). For the following reasons, the Court denies Defendants' motions. The Court addresses each motion in turn.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## I. Summary Judgment Motion

When determining summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 statements. Specifically, Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). In addition, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

Although courts must construe pro se pleadings liberally, *see Johnson v. Hulett,* 574 F.3d 428, 433 (7th Cir. 2009), Defendants' pro se status does not absolve them from complying with the federal and local procedural rules. *See Greer v. Board of Ed. of City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Here, Defendants have not complied with Local Rule 56.1, and thus the Court cannot decipher the facts and evidence in this case. Furthermore, at this procedural posture, the Court cannot rely on the allegations in the instant Complaint because allegations in a complaint are not evidence and courts may only consider admissible evidence in determining summary judgment motions. *Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009); *Nisenbaum v. Milwaukee County,* 333 F.3d 804, 810 (7th Cir. 2003). Likewise, Defendants' assertion in their summary judgment motion that no traffic laws were violated does not save the day because this legal conclusion is not based on any facts in the record. *See Wragg v. Village of Thornton*, 604 F.3d 464, 466 (7th Cir. 2010). Defendants' lack of evidentiary materials is no doubt due to the fact that the parties have yet to conduct initial disclosures and discovery in this matter. *See* Fed.R.Civ.P. 26, 37. After the parties conduct discovery, if Defendants wish to file another summary judgment motion, they may do so, but they must follow Local Rule 56.1.

Moreover, even if Defendants had properly presented evidence, Defendants have failed to establish that they are entitled to judgment as a matter of law under the federal summary judgment standard. To clarify, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Pro se Defendants have failed in this burden.

In addition, pro se Defendants' argument under Rule 17(c) that Kristopher Kalish cannot be sued in federal court because he was a minor at the time of the incident at issue, October 28, 2008, fails because Kristopher Kalish is no longer a minor and was not a minor when he removed this action to federal court nor when Plaintiff filed the state court lawsuit in the first instance. *See Maimonis v. Urbanski,* No. 04 C 1557, 2004 WL 2191599, at *1 (N.D. Ill. Sept. 23, 2004); 755 ILCS 5/11-1. Moreover, Defendant Paddy Kalish is not a minor.

On a final note, the Court reminds the parties that arguments made for the first time in reply briefs are waived, as well as unsupported and underdeveloped arguments are waived. *Long v. Teachers' Ret. Sys. of Ill.,* 585 F.3d 344, 349 (7th Cir. 2009). As the Supreme Court has unequivocally held: "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

## II. Motion to Transfer Venue

Pro se Defendants also move to transfer venue to the District of Massachusetts. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under Section 1404(a), the moving parties – in this case Defendants – bear the burden of establishing that (1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (citations omitted); *Jarmillo v. DineEquity, Inc.,* 664 F.Supp.2d 908, 913 (N.D. Ill. 2009). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey,* 796 F.2d at 219; *see also Methode Elec., Inc. v. Delphi Auto. Sys., LLC,* 639 F.Supp.2d 903, 907 (N.D. Ill. 2009) ("propriety of transfer is a case-by-case assessment").

Here, pro se Defendants' only cogent argument in support of their motion to transfer venue is that because they are both domiciled in Massachusetts they are required to travel to Illinois to defend this lawsuit, which poses an inconvenience and possible financial hardship under the third *Coffey* requirement, namely, that transfer will serve the convenience of the parties and the witnesses. When determining this requirement, the Court looks to: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l., Inc.,* 626 F.3d 973, 978 (7th Cir. 2010); *Nalco Co v. Environmental Mgmt., Inc.,* 694 F.Supp.2d 994, 998 (N.D. Ill. 2010). Defendants' argument that they are inconvenienced because they live in Massachusetts simply does not outweigh the fact that Plaintiff chose to bring this lawsuit in Illinois, the situs of the material events are in Illinois, and that it would be inconvenient for Plaintiff to litigate this matter in Massachusetts.

Moreover, Defendants have not attempted to establish that personal jurisdiction exists and that venue would be proper in the United States District Court for the District of Massachusetts. *See Coffey*, 796 F.2d at 219-20; *see also uBID, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 425 (7th Cir. 2010); 28 U.S.C. § 1391. Without more, the Court, in its discretion, denies Defendants' motion to transfer venue.